1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JASON A. DAILEY,

11                Petitioner,                    No. CIV S-08-1988 GGH P

12         vs.

13    M. MARTEL, et al.,

14                Respondent.                    ORDER

15    _____/

16         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2006 conviction for two counts of

18    nonforcible lewd behavior with a child (Cal. Penal Code § 288(a)).  Petitioner is serving a

19    sentence of ten years.

20         Petitioner alleges that his consecutive and upper term sentences violate

21    Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007).  After carefully considering the

22    record, the court recommends that the petition be denied.

23    Anti Terrorism and Effective Death Penalty Act (AEDPA)

24         The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this

25    petition for habeas corpus which was filed after the AEDPA became effective.  Neelley v. Nagle,

26    138 F.3d 917 (11th Cir.), citing Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997).  The

1

1  AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential

2  standards of review to be used by a federal habeas court in assessing a state court's adjudication

3  of a criminal defendant's claims of constitutional error. <u>Moore v. Calderon</u>, 108 F.3d 261, 263

4  (9th Cir. 1997).

5        In <u>Williams (Terry) v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme

6  Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion

7  for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy

8  between "contrary to" clearly established law as enunciated by the Supreme Court, and an

9  "unreasonable application of" that law. <u>Id</u>. at 1519. "Contrary to" clearly established law applies

10  to two situations: (1) where the state court legal conclusion is opposite that of the Supreme

11  Court on a point of law, or (2) if the state court case is materially indistinguishable from a

12  Supreme Court case, i.e., on point factually, yet the legal result is opposite.

13        "Unreasonable application" of established law, on the other hand, applies to

14  mixed questions of law and fact, that is, the application of law to fact where there are no factually

15  on point Supreme Court cases which mandate the result for the precise factual scenario at issue.

16  <u>Williams (Terry)</u>, 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the

17  AEDPA standard of review which directs deference to be paid to state court decisions. While the

18  deference is not blindly automatic, "the most important point is that an *unreasonable* application

19  of federal law is different from an incorrect application of law....[A] federal habeas court may not

20  issue the writ simply because that court concludes in its independent judgment that the relevant

21  state-court decision applied clearly established federal law erroneously or incorrectly. Rather,

22  that application must also be unreasonable." <u>Williams (Terry)</u>, 529 U.S. at 410-11, 120 S. Ct. at

23  1522 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the

24  objectively unreasonable nature of the state court decision in light of controlling Supreme Court

25  authority. <u>Woodford v. Viscotti</u>, 537 U.S. 19, 123 S. Ct. 357 (2002).

26  \\\\\

1    The state courts need not have cited to federal authority, or even have indicated

2    awareness of federal authority in arriving at their decision.  Early v. Packer, 537 U.S. 3, 123 S.

3    Ct. 362 (2002).  Nevertheless, the state decision cannot be rejected unless the decision itself is

4    contrary to, or an unreasonable application of, established Supreme Court authority.  Id.  An

5    unreasonable error is one in excess of even a reviewing court's perception that "clear error" has

6    occurred.  Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003).  Moreover, the

7    established Supreme Court authority reviewed must be a pronouncement on constitutional

8    principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules

9    binding only on federal courts.  Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

10    However, where the state courts have not addressed the constitutional issue in

11    dispute in any reasoned opinion, the federal court will independently review the record in

12    adjudication of that issue.  "Independent review of the record is not de novo review of the

13    constitutional issue, but rather, the only method by which we can determine whether a silent state

14    court decision is objectively unreasonable."  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.

15    2003).

16    The California Court of Appeal was the last state court to issue a reasoned opinion

17    addressing the claims raised in this action.  See Respondent's Lodged Documents 6, 9.

18    Accordingly, this court considers whether the denial of petitioner's claims by the California

19    Court of Appeal was an unreasonable application of clearly established Supreme Court authority.

20    Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (when reviewing a state

21    court's summary denial of a claim, the court "looks through" the summary disposition to the last

22    reasoned decision).

23    /////

24    /////

25    /////

26    /////

1  <u>Discussion</u>[1]

2          Petitioner alleges that the trial court violated his Sixth and Fourteenth Amendment

3  rights to a jury trial and due process by imposing consecutive and upper term sentences based on

4  aggravating facts that were not found by a jury beyond a reasonable doubt.

5          The opinion of the California Court of Appeal accurately summarizes petitioner's

6  sentence:

7          Pursuant to a plea bargain, defendant Jason Alan Dailey pleaded guilty to two
           counts of nonforcible lewd behavior with a child (Pen.Code, § 288, subd. (a)) in
8          exchange for the dismissal of eight forcible counts (Pen.Code, § 288, subd.
           (b)(1)). The trial court noted that the maximum sentence for the offenses to which
9          defendant was pleading guilty was 10 years.

10         The trial court sentenced defendant to a 10-year term, comprised of: (1) an upper
           term of eight years on the first count (the trial court finding that defendant had a
11         substantial prior record, was on probation at the time, had violated a position of
           trust, and that the victim, defendant's young daughter, was particularly
12         vulnerable); and (2) a consecutive sentence of two years on the second count (the
           trial court finding it to be a distinct offense, committed at a separate time and
13         place).

14  Respondent's lodged document 6, pp. 1-2; lodged document 2, RT from sentencing hear at pp.
    16-18.

15

16          *Upper Term Sentence*

17          In <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), the United

18  States Supreme Court held as a matter of constitutional law that, other than the fact of a prior

19  conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory

20  maximum must be submitted to a jury, and proved beyond a reasonable doubt."  520 U.S. at 490,

21  120 S.Ct. 2348.   In <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531 (2004), the Supreme

22  Court held that the "statutory maximum for <u>Apprendi</u> purposes is the maximum sentence a judge

23  may impose solely on the basis of the facts reflected in the jury verdict or admitted by the

24  defendant."  <u>Blakely</u>, 542 U.S. at 303, 124 S.Ct. 2531.

25  _____

26          [1]  The court will not put forth a summary of the facts underlying the conviction as it is not
    relevant to the claim raised in the petition.

In <u>People v. Black</u>, 35 Cal.4th 1238 (2005) ("<u>Black</u> I"), the California Supreme Court held that California's statutory scheme providing for the imposition of an upper term sentence did not violate the constitutional principles set forth in <u>Apprendi</u> and <u>Blakely</u>.  The <u>Black I</u> court reasoned that the discretion afforded to a sentencing judge in choosing a lower, middle or upper term rendered the upper term under California law the "statutory maximum." <u>Black I</u>, 35 Cal.4th at 1257-61.

In <u>Cunningham</u>, <u>supra</u>, the United States Supreme Court held that a California judge's imposition of an upper term sentence based on facts found by the judge (other than the fact of a prior conviction) violated the constitutional principles set forth in <u>Apprendi</u> and <u>Blakely</u>. <u>Cunningham</u> expressly disapproved the holding and the reasoning of <u>Black I</u>, finding that the middle term in California's determinate sentencing law was the relevant statutory maximum for purposes of applying <u>Blakely</u> and <u>Apprendi</u>. <u>Cunningham</u>, 549 U.S. at 291-294, 127 S.Ct. 856.

In light of <u>Cunningham</u>, the Supreme Court vacated <u>Black I</u> and remanded the case to the California Supreme Court for further consideration.  <u>Black v. California</u>, 549 U.S. 1190, 127 S.Ct. 1210 (2007).  On remand, the California Supreme Court held that "so long as a defendant is eligible for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury." <u>People v. Black</u>, 41 Cal.4th 799, 813 (2007) (<u>Black II</u>).  In other words, as long as one aggravating circumstance has been established in a constitutional manner, a defendant's upper term sentence withstands Sixth Amendment challenge.

Relying on <u>Black II</u>, the Ninth Circuit recently confirmed that, under California law, only one aggravating factor is necessary to authorize an upper term sentence.  <u>Butler v. Curry</u>, 528 F.3d 624, 641-43 (9th Cir.), <u>cert</u>. <u>denied</u>, --- U.S. ----, 129 S.Ct. 767 (2008).

1    In the instant case, the trial court stated that it was imposing the upper sentence, in

2    part, because petitioner's prior convictions were numerous.  Respondent's Lodged Document 2,

3    RT from Sentencing Hearing at 18.  Cal. Rules of Court 4.421(b)(2) provides that a numerous

4    convictions may justify an upper term:  "[t]he defendant's prior convictions as an adult or

5    sustained petitions in juvenile delinquency proceedings are numerous or of increasing

6    seriousness."  Reliance on prior convictions as a sentencing enhancing factor does not run afoul

7    of Apprendi et al, in that such prior convictions need not be proven to a jury.  Apprendi, 530 U.S.

8    490, 120 S.Ct. 2362-63.

9    Because the upper term sentence was based, in part, on the fact of petitioner's

10   numerous prior convictions, the trial court did not violate petitioner's Sixth Amendment rights

11   by imposing the upper term sentence.[2]  Butler, supra; Cunningham, supra.  For these reasons, the

12   denial of this claim by the California Court of Appeal was not an unreasonable application of

13   clearly established Supreme Court authority.  The petition should be denied.

14                  *Consecutive Sentences*

15   Petitioner argues that his consecutive sentences violate Cunningham.  The

16   Supreme Court disagrees.  Neither Cunningham, nor its foundational cases, apply to consecutive

17   sentencing for multiple offenses.  Oregon v. Ice, __U.S.__, 129 S.Ct. 711 (2009).   For this

18   reason, petitioner's claim that his consecutive sentences violate Cunningham should be denied.

19   Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

20   a writ of habeas corpus be denied.

21   These findings and recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

23   days after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

25   _____

26   [2]  Petitioner does not contend that the trial court incorrectly found that he had numerous prior convictions.

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2009

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

dai1988.157